IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CR-23-00195-JD-003 |
| ) | |
| PAMELA KATHRYN PAYNE, ) | |
| ) | |
| Defendant. ) | |

## **ORDER**

Before the Court is Defendant Pamela Kathryn Payne's Pro Se Motion to Reduce Sentence Under 18 U.S.C. § 3582(c)(2) and Amendment 821 to the United States Sentencing Guidelines ("Motion") [Doc. No. 202]. Ms. Payne asserts that she is eligible for a sentence reduction as a zero-point offender. Motion at 1. The United States responded in opposition asserting that Ms. Payne was sentenced after the enactment of Amendment 821 and is ineligible because she possessed a firearm during the offense [Doc. No. 203 at 4]. The United States Probation Office ("USPO") filed a Preliminary Report for Consideration of Sentence Reduction Based on Amendment 821 ("Preliminary Report") [Doc. No. 204], concluding that Ms. Payne was ineligible for a zero-point offender adjustment under USSG § 4C1.1 because her relevant conduct involved a firearm and resulted in death or serious bodily injury.

For the reasons stated below, the Court dismisses the Motion for lack of jurisdiction. Because Ms. Payne possessed a firearm in connection with the offense and the offense involved death or serious bodily injury, she is not eligible for a sentence

reduction under 18 U.S.C. § 3582(c)(2). *See* USSG § 4C1.1(a)(4) and (a)(7); *see also* Final Presentence Investigation Report ("PSR") [Doc. No. 137] at ¶¶ 33, 34.

I.     **BACKGROUND**

On November 1, 2023, Ms. Payne entered a plea of guilty to the one-count Superseding Information charging her with distribution of fentanyl, in violation of 21 U.S.C. § 841(a)(1). [Doc. Nos. 107, 119–124]. On February 16, 2024, the USPO filed the PSR. The PSR assigned a base offense level of 38. PSR ¶ 33. Two levels were added to the base offense level under USSG § 2D1.1(b)(1) for possession of a firearm. *Id.* ¶ 34. After applying the three-level reduction for acceptance of responsibility, the PSR calculated a total offense level of 37. *Id.* ¶¶ 40–42. The PSR calculated a total criminal history score of zero, placing Ms. Payne in a criminal history category of I. *Id.* ¶ 46. Based on a total offense level of 37 and a criminal history category of I, Ms. Payne's advisory guideline range for imprisonment was 210 months to 262 months. *Id.* ¶ 86. However, the statutorily authorized maximum sentence of 20 years was less than the maximum of the guideline range; therefore, the guideline range became 210 months to 240 months. *Id.*

At the sentencing hearing held on May 1, 2024, the Court adopted the PSR without change. [Doc. No. 175 at 1]. The Court sentenced Ms. Payne to a term of imprisonment of 100 months, followed by five years of supervised release. Amended Judgment [Doc. No. 197 at 2–3]; *see also* [Doc. No. 175 at 2–3]. Ms. Payne now asks the Court to reduce her sentence based on Amendment 821 to the United States Sentencing Guidelines. Motion at 1.

## II.     DISCUSSION

Congress has authorized courts to modify prison sentences only under limited circumstances. *See* 18 U.S.C. § 3582(c); *United States v. Mendoza*, 118 F.3d 707, 709 (10th Cir. 1997) (explaining that district courts lack inherent authority to modify a previously imposed sentence absent statutory authorization); *United States v. Blackwell*, 81 F.3d 945, 947 (10th Cir. 1996) (recognizing that a "district court is authorized to modify [the defendant's] sentence only in specified instances where Congress has expressly granted the court jurisdiction to do so").

One basis of authority is 18 U.S.C. § 3582(c)(2), which allows for a possible sentence reduction for a defendant "who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . ." 18 U.S.C. § 3582(c)(2). In such a case, the Court "may" reduce a sentence if doing so would be consistent with the factors in 18 U.S.C. § 3553(a) and consistent with the applicable policy statements issued by the Sentencing Commission. *See id.*

"Section 3582(c)(2) prescribes a two-step process." *United States v. Battle*, 706 F.3d 1313, 1317 (10th Cir. 2013). At step one, the district court must follow the Sentencing Commission's "instructions in [USSG] § 1B1.10 to determine the prisoner's eligibility for a sentence modification and the extent of the reduction authorized." *United States v. Piper*, 839 F.3d 1261, 1266 (10th Cir. 2016) (quoting *Dillon v. United States*, 560 U.S. 817, 827 (2010)); *see United States v. White*, 765 F.3d 1240, 1245 (10th Cir. 2014) (explaining that the first step, "a matter of law, is whether a sentence reduction is

even *authorized*"). At step two, the district court considers whether such reduction "is warranted in whole or in part" based on the applicable § 3553(a) factors and policy statements. *Piper*, 839 F.3d at 1266; *see White*, 765 F.3d at 1245 (explaining that the second step, "a matter of discretion, is whether an authorized reduction is in fact *warranted*"). Additionally, the district court "'may consider' the defendant's post-sentencing conduct." *United States v. Osborn*, 679 F.3d 1193, 1195 (10th Cir. 2012) (quoting USSG § 1B1.10, cmt. n.1(B)(iii)). Section 3582(c)(2), however, does not provide a new sentencing proceeding. *See Piper*, 839 F.3d at 1266 (explaining that § 3582(c)(2)'s process "authorize[s] only a limited adjustment to an otherwise final sentence and not a plenary resentencing proceeding" (internal quotation marks and citations omitted)).

If a retroactive amendment to the guidelines "does not have the effect of lowering the defendant's applicable guideline range," a reduction in the defendant's sentence is inconsistent with the Sentencing Commission's policy statements and not authorized by § 3582(c)(2). USSG § 1B1.10(a)(2)(B). "Accordingly, a reduction in the defendant's term of imprisonment is not authorized under 18 U.S.C. § 3582(c)(2) and is not consistent with [the Commission's] policy statement if . . . an amendment . . . is applicable to the defendant but the amendment does not have the effect of lowering the defendant's applicable guideline range because of the operation of another guideline or statutory provision." USSG § 1B1.10, cmt. n.1(A).

Based on the Court's review of the parties' submissions and the USPO's Preliminary Report, Ms. Payne is not eligible for a sentence reduction under Amendment

4

821. Relevant here is Part B of Amendment 821, which created a new guideline—USSG § 4C1.1—providing for a decrease of two offense levels for "Zero-Point Offenders." *See* USSG Suppl. to App. C, Amend. 821 (Part B) (Zero-Point Offenders). With respect to USSG § 4C1.1, a defendant is eligible for a two-level reduction in her offense level if she meets all of the following criteria:

(1) the defendant did not receive any criminal history points from Chapter Four, Part A;

(2) the defendant did not receive an adjustment under § 3A1.4 (Terrorism);

(3) the defendant did not use violence or credible threats of violence in connection with the offense;

(4) the offense did not result in death or serious bodily injury;

(5) the instant offense of conviction is not a sex offense;

(6) the defendant did not personally cause substantial financial hardship;

(7) the defendant did not possess, receive, purchase, transport, transfer, sell, or otherwise dispose of a firearm or other dangerous weapon (or induce another participant to do so) in connection with the offense;

(8) the instant offense of conviction is not covered by § 2H1.1 (Offenses Involving Individual Rights);

(9) the defendant did not receive an adjustment under § 3A1.1 (Hate Crime Motivation or Vulnerable Victim) or § 3A1.5 (Serious Human Rights Offense); and

(10) the defendant did not receive an adjustment under § 3B1.1 (Aggravating Role) and was not engaged in a continuing criminal enterprise, as defined in 21 U.S.C. § 848.

*See* USSG § 4C1.1(a) (effective Nov. 1, 2023).

Although Ms. Payne did not receive any criminal history points from Chapter Four, Part A, of the Sentencing Guidelines, her possession of the firearm and the fact that the offense resulted in death or serious bodily injury renders her ineligible under § 4C1.1(a)(4) and (a)(7) for a sentence reduction. *See* PSR ¶¶ 33, 34.

Accordingly, because no reduction is authorized, the Court lacks jurisdiction under § 3582(c)(2) to modify Ms. Payne's sentence and dismisses the Motion. *See White*, 765 F.3d at 1250 (explaining that where a defendant is "ineligible to receive a sentence reduction under § 3582(c)(2), . . . dismissal for lack of jurisdiction rather than denial on the merits is the appropriate disposition"); *see also United States v. Angulo-Lopez*, 755 F. App'x 811, 813 (10th Cir. 2018) (unpublished) (affirming the district court's dismissal for lack of jurisdiction where Amendment 782 did not affect the defendant's guideline range).

### III.  CONCLUSION

Defendant Pamela Kathryn Payne's Pro Se Motion to Reduce Sentence Under 18 U.S.C. § 3582(c)(2) and Amendment 821 to the United States Sentencing Guidelines [Doc. No. 202] is DISMISSED for lack of jurisdiction.

IT IS SO ORDERED this 7th day of January 2026.

_____
JODI W. DISHMAN
UNITED STATES DISTRICT JUDGE